**UNITED STATES of America,**
**Appellee,**

v.

**Philip Anthony MOE, Defendant–**
**Appellant.**

**No. 05–3864–cr.**

United States Court of Appeals,
Second Circuit.

Jan. 19, 2007.

David Stern, Rothman, Schneider, Soloway & Stern, LLP, New York, NY, for Appellant.

Roslynn R. Mauskopf, United States Attorney (Barbara D. Underwood, Emily Berger, Assistant United States Attorneys, of counsel), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges and EDWARD R. KORMAN, Chief District Judge.*

## SUMMARY ORDER

Defendant Philip Anthony Moe appeals the District Court's denial of his motion to dismiss his indictment for illegally reentering the United States after having been deported following conviction for an aggravated felony, in violation of 8 U.S.C.

---

* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

§§ 1326(a) & (b)(2). Moe's motion to dismiss sought to collaterally attack the underlying deportation order under 8 U.S.C. § 1326(d). We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

Section 1326(d) permits an alien charged with violating § 1326 to obtain dismissal of the indictment if he or she proves all of the following:

(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;

(2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

(3) the entry of the order was fundamentally unfair.

8 U.S.C. §§ 1326(d)(1)–(d)(3); *see also, e.g., United States v. Calderon,* 391 F.3d 370, 374 (2d Cir.2004) (discussing requirement that alien challenging deportation order in criminal proceeding must satisfy all three elements of § 1326(d)). It is undisputed that Moe satisfied the first requirement by appealing his deportation order to the Board of Immigration Appeals ("BIA"). The District Court concluded, however, that Moe could not satisfy the requirements of §§ 1326(d)(2) and (d)(3).

Because the District Court's conclusions were legally flawed, we vacate the judgment of the District Court and remand for further proceedings.

■ The District Court held that Moe was not improperly deprived of the opportunity for judicial review because he could have petitioned for a writ of habeas corpus during the four-month period between the BIA's dismissal of his appeal and his deportation. *See United States v. Gonzalez-Roque,* 301 F.3d 39, 49–50 (2d Cir.2002) (holding that § 1326(d)(2) requirement was not satisfied where defendant could have filed habeas petition during ten-month period between issuance of final deportation order and actual deportation). But in *United States v. Lopez,* 445 F.3d 90, 98 (2d Cir.2006), a case decided after the District Court issued its ruling, we concluded that an alien who was erroneously informed by an Immigration Judge ("IJ") that he was not entitled to seek discretionary relief from deportation under former § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c), had satisfied the requirement of § 1326(d)(2). This reasoning also applies to Moe's case: Moe was informed by the BIA that he was ineligible for § 212(c) relief, and he was seeking reconsideration of that ruling at the time of his deportation. In the circumstances, Moe was, as a practical matter, deprived of the opportunity to obtain judicial review of his deportation. *Cf. United States v. Copeland,* 376 F.3d 61, 69–70 (2d Cir.2004) (holding § 1326(d)(2) requirement satisfied where motion to reopen was pending before IJ at the time of alien's deportation).

■ The District Court also found that the deportation proceedings were not fundamentally unfair. To establish fundamental unfairness under § 1326(d)(3), a defendant "must show both a fundamental procedural error and prejudice resulting from the error." *Copeland,* 376 F.3d at 70 (quoting *United States v. Perez,* 330 F.3d 97, 104 (2d Cir.2003)). Here, Moe established the existence of a fundamental procedural error by being affirmatively (and erroneously) informed that he was not entitled to seek § 212(c) relief. *See Copeland,* 376 F.3d at 71–73. The only remaining question before the District Court was

whether he was prejudiced by the error. "[P]rejudice is shown where there is a reasonable probability that, but for the [agency's] unprofessional errors, the alien would have been granted Section 212(c) relief." *Copeland,* 376 F.3d at 73. The District Court concluded that Moe could not demonstrate prejudice because his substantial criminal history likely would have outweighed any favorable evidence that he could have presented in an application for § 212(c) relief. But Moe had made a showing sufficient to require the District Court to develop the record further on the issue of prejudice. *See id.* at 73–74 ("Resolution of the prejudice issue in the Section 1326(d)(3) context is somewhat akin to a trial within a trial.... The court must first obtain all of the facts relevant to the particular alien and then apply standards established under Section 212(c) to those facts, taking into account actual cases in which similarly situated aliens have been granted or denied discretionary relief."). Because the District Court did not engage in the factfinding process called for by *Copeland* before finding that Moe could not demonstrate prejudice, we remand for further proceedings consistent with *Copeland.*

Accordingly, we hereby vacate the judgment of the District Court and remand for further proceedings.